MARGARET MALLERY et al., Respondents, *v.* WILLIAM FACER et al., Respondents, and HENRY FALKE et al., Appellants.

1. ACTION TO CHARGE LANDS WITH PAYMENT OF LEGACIES. In an action to charge the payment of legacies upon lands which had been sold in various parcels to various defendants by the executrix, who applied the consideration to her own use and thereafter became insolvent, a judgment providing for contribution among several defendants *pro rata* without any regard to the time when they purchased the several parcels, held to be erroneous and that the lien of the legacies should be enforced upon the specific parcels in the inverse order of alienation.

2. INTEREST. Two of the legacies involved not being due, held that, if paid in advance, proper deduction should be made for interest on account of payment before they became due.

*Mallery* v. *Facer,* 90 App. Div. 610, reversed.

(Argued April 27, 1905; decided May 5, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 18, 1904, which modified and affirmed as modified a judgment of Special Term in an action to charge lands with the payment of certain legacies.

*T. W. Collins* and *Charles P. Williams* for appellants.

*Jefferson W. Hoag, C. G. Blaine* and *W. U. Kreutzer* for respondents.

O'BRIEN, J. This was an action to charge certain lands with the payment of legacies under the will of Almond H. Mallery, which was admitted to probate in January, 1895. There is no controversy as to the meaning of the will or as to the legacies in question. Indeed, there is no dispute about the facts in this case, nor the law, so far as the will is concerned. One of the daughters of the testator was made the executrix of the will and she was also given the residuary estate, subject to the payment of debts and the three legacies involved in this case, which aggregate $1,500. She also took the residuary estate charged with the payment of a mortgage on what is known in the case as the Palmyra farm. Of the three legacies which constitute the plaintiffs' cause of action, two of them are not yet due.

It appears from the allegations of the complaint and the findings of the trial court that the daughter of the testator, who was the residuary legatee and devisee and executrix of the will, took charge of the administration of the estate. She sold the lands, except possibly a small parcel, but applied the consideration to her own use, and became and is now insolvent. The result is that the legacies given by the will and stated in the complaint must be charged upon lands which were granted during the administration of the estate by the daughter of the deceased, who married subsequent to his death, and is now the defendant Emma J. Holly. Only two of the defendants have appealed. They are the defendants Falke and Benjamin, and they are the only persons who complain of the decree, but their contention, if sustained, may require a reconstruction of the whole judgment. The principal question in the case is how and in what manner the various defendants and the various parcels of land purchased by them shall be charged with the payment of the legacies. The two defendants who have appealed assert that the principle of contribution contained in the judgment is wrong and unjust to them.

It seems to us that the judgment is fundamentally wrong, since it provides for contribution among several defendants *pro rata*, without any regard to the time when they purchased the several parcels of land. This, we think, is a case where the lien of the legacies should be enforced upon the various specific parcels of land in the inverse order of alienation and that principle seems to have been ignored in the decision of the case.

The defendant Falke has, we think, a real grievance. He purchased a couple of the parcels of land in question. They were of course subject to the legacies, and the sale was made to him by the plaintiff Margaret Mallery, as administratrix with the will annexed; the testator's daughter, who was named as executrix in the will, having been removed from her trust. But she joined in the deed as residuary devisee. The transaction between this defendant and the plaintiff administratrix seems to have been fair and made for the purpose of carrying out the provisions of the will with respect to

the legacies in question. He paid $2,600 for the land, $1,500 in cash and gave a bond and mortgage for the balance, viz., $1,100. The $1,500 in cash was used by the plaintiff first to take up and discharge a mortgage on the same lands given by the testator and which was, concededly, a lien prior to the legacies; the balance, the sum of about $300, was paid to the plaintiff and is still in her possession subject to the order of the court. The bond and mortgage of $1,100 is still in her hands and the court directed that they should be sold. So that in determining the amount which this defendant's land must contribute to the payment of the legacies and the costs, he must receive credit for the $2,600 which he has paid apparently in good faith.

The appeal of the defendant Benjamin raises a question of less importance, but clearly a question which he has a right to urge. It is found that before the removal of the executrix she borrowed $600 from Benjamin, and gave him a mortgage upon one of the parcels of land which were subject to the lien of the legacies. She afterwards conveyed this parcel of land to the defendant Forgham, and he took the lands assuming to pay and discharge the mortgage. He has paid it, but $156 of the money so paid was paid into court to complete full payment of the mortgage. It seems that this was done after the commencement of the action, but the fact remains that Forgham has paid the mortgage and that about $156 of the money so paid has been diverted from Benjamin, to whom it is claimed it belongs, and applied by the judgment to other parties and other purposes. The money as between Forgham and Benjamin belongs to the latter. How far either of them may be chargeable with contribution it is unnecessary now to decide.

It has already been observed that two of the legacies are not yet due. It may be that they will become so before the litigation over this estate shall cease, but if paid in advance of the time when they become due, of course proper deduction should be made for interest on account of payment before the claim is due. We do not now see how the judgment can be corrected by modification in the particulars suggested. It may be that counsel who have been dealing with this case for

several years will see the propriety of closing the controversy without further litigation. So far as this court is concerned the only course that can be adopted is to reverse the judgment and order a new trial. Considering the nature of this controversy and the manner in which it has been conducted, we do not think that any of the parties ought to have costs in this court.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.